UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| M.A., an individual,<br><br>    Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS, INC., *et al.*,<br><br>    Defendants. | CASE NO. 7:23-CV-95-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiff's motion to stay or modify (DE 9) the Court's March 5, 2024 Order and defendant Wyndham Hotels & Resorts, Inc.'s motion for leave to file a sur-reply. (DE 13.) For the following reasons, the Court will deny both motions and dismiss this case from the active docket.

The underlying litigation in this matter was filed in the Southern District of Ohio, where the parties will litigate the merits of the case. This matter came before this Court on a motion to compel compliance with a subpoena filed by defendant Wyndham Hotels & Resorts, Inc. ("WHR"). WHR asserted that non-party Brandy Scarberry ("Scarberry") failed to comply with a subpoena that compelled production of documents and communications related to the plaintiff and another individual entangled in the underlying litigation. The Court subsequently ordered WHR to obtain a new subpoena for those documents and cautioned Scarberry that failure to comply could lead to a finding of contempt. Soon after, WHR had an employee of its third-party vendor, Trent Struttmann of Cyber Agents, Inc., travel to Scarberry's residence and enforce the subpoena.

Now, the plaintiff has moved the Court to stay or modify the Court's order compelling compliance with WHR's subpoena. (DE 9.) The plaintiff asserts that WHR

overstepped its authority by having its third-party vendor "threaten[] Ms. Scarberry with arrest" and obtain her entire Facebook account. (*Id.* at 6.) She also makes a broad privacy agreement, claiming that WHR has infringed the right to privacy of Scarberry and everyone who messaged her through the Facebook account. (*Id.* at 9-14.)

Federal Rule of Civil Procedure 45(d)(2)(B)(i) states: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Given that Scarberry is a citizen of the Eastern District of Kentucky, WHR invoked Rule 45 and requested that this Court order her to comply with the production element of the valid subpoena. The Court granted WHR's request and WHR acted on it.

The heart of the plaintiff's motion concerns the manner in which WHR's third-party vendor obtained Scarberry's Facebook account and what communications gleaned from the account can be reviewed during the discovery period. However, these conflicts do not fall within this Court's authority. Rule 45(d) gives the district court where subpoena compliance is required the authority to compel production or inspection. The Court has done just that, and WHR has obtained the communications sought. The extent to which WHR can review Scarberry's Facebook account and whether WHR erred in its method of obtaining it are decisions best left to the Southern District of Ohio, where the underlying litigation is taking place. Accordingly, the Court will deny the plaintiff's motion and close this matter.

This decision should not be construed as condoning the actions taken by WHR and its third-party vendor. The allegations made by the plaintiff and Scarberry are worrisome at best, and parties should not use this Court's orders as a sword to hold over someone's head. WHR had a right to obtain the production sought in its subpoena—not to threaten Scarberry with arrest. Regardless, the Court finds that the Southern District of Ohio is the

proper forum to contest WHR's actions and its review of Scarberry's Facebook account.

### III. Conclusion

For the aforementioned reasons, the Court hereby ORDERS as follows:

1) The plaintiff's motion to stay or modify (DE 9) the Court's March 5, 2024 Order is DENIED;

2) The defendant's motion for leave to file a sur-reply (DE 13) is DENIED AS MOOT; and

3) Because the Court has concluded its duty to compel production under Rule 45(d)(2)(B)(i), this action is DISMISSED and STRICKEN from the Court's active docket.

This 30th day of May, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY